PER CURIAM.[1]
T.D. and S.D. (“the adoptive parents”), who are the biological grandparents of C.D. (“the child”), and who are the natural parents of the child’s biological mother, A.L. (“the biological mother”), appeal from a judgment of the St. Clair County Juvenile Court that, among other things, awarded the biological mother visitation rights with the child. We reverse.
The record reveals that the child was born in November 1992, while the mother was 16 years old, unmarried, and living with the adoptive parents in their home in Pell City. Within a few months after the child’s birth, the biological mother and S.D. agreed that the child should be adopted by the adoptive parents, and the St. Clair County Probate Court subsequently entered a final judgment in January 1993, granting the adoptive parents’ petition for leave to adopt the child.
The parties continued to live together with the child after the adoption; S.D. quit her job and stayed at home to care for the child, although no party provided exclusive care. In August 1994, the biological mother left home to live near the college in which she had enrolled, and the child remained with the adoptive parents. The biological mother and the child, however, maintained close contact, with the biological mother returning to the family home in Pell City on weekends and at other times. During 1995, the child lived with the biological mother at college with the adoptive parents’ permission. In 1996, the biological mother and the child returned to the adoptive parents’ home and the biological mother began commuting to college. That arrangement continued until 1998, when the biological mother married and moved with her husband to another city for several months; several months later, the biological mother and her husband separated (they were later divorced), and she moved with the child to an apartment in Pell City. The adoptive parents continued to provide financial support to the biological mother and the child throughout this period, although the precise extent of that support is disputed.
On one weekend in September 2000, the adoptive parents discovered that the biological mother was seeing an unmarried *892 man and was allowing him to stay at her apartment in the presence of the child. At that time, the adoptive parents declined to allow the child to live with or visit the biological mother any longer. The biological mother brought an action in October 2000 seeking custody of the child; she later amended that petition to allege that the child was “dependent” in that the child’s custody was the subject of controversy (citing § 12-15-l(10)(c), AIa.Code 1975), and she filed a motion for pendente lite visitation with the child. The juvenile court granted the biological mother two days of visitation each week pending the resolution of the underlying controversy.
After an ore tenus proceeding, the juvenile court entered a judgment denying the biological mother’s petition for custody. In- its judgment, the juvenile court determined, among other things, that both the child and the biological mother had spent the majority of the period following the child’s birth in the home of the adoptive parents; that the child was not a dependent child; and that the adoptive parents had not forfeited custody of the child to the biological mother. The biological mother did not cross-appeal from that judgment, and we therefore do not have before us the question whether the evidence supports these conclusions by the trial court, including its conclusion that the adoptive parents did not relinquish custody to the biological mother.
Although it denied the biological mother’s custody petition, the juvenile court granted the biological mother visitation with the child of two days each week, 30 days each summer, and the period each year from December 25 to December 31; the biological mother was directed not to have male companionship in her home on those occasions. Pursuant to the requirements of Rule 28(A)(1)(a), Ala. R. Juv. P., the juvenile court certified the record as adequate for appellate review.
In their brief on appeal, the adoptive parents contend that because the juvenile court determined that the child was not dependent, it had no authority to award the biological mother visitation rights. The biological mother has not favored this court with a brief.
In Ex parte Bronstein, 434 So.2d 780 (Ala.1983), our Supreme Court noted that “adoption, like birth, creates legal relationships under which adoptive parents gain certain rights which pre-empt any visitation rights by natural parents,” and held that “because there is a societal importance in the establishment of a permanent and stable family unit, an adoption of a child must necessarily sever all former family bonds and relationships.” 434 So.2d at 784 (citations omitted). “The courts are not free, therefore, to intervene on behalf of relatives who seek visitation, especially when the child’s adoptive parents have decided not to permit visitation.” Id. Therefore, as a general rule, persons who adopt children, such as the adoptive parents in this case, assume the role of parents, with all of the rights and responsibilities inherent in that role, to the exclusion of natural parents such as the biological mother. See § 26-10A-29, AIa.Code 1975 (providing that an adopted child “shall be treated as the natural child of the adopting parent” and that “natural parents of the adoptee, except for a natural parent who is the spouse of the adopting parent[,] are relieved of all parental responsibility for the adoptee and will have no parental rights over the adoptee”).
In C.Y. v. C.L., 726 So.2d 733 (Ala.Civ.App.1999), this court concluded that a trial court, after having concluded that a child was no longer dependent and having restored full parental rights to the child’s mother, did not have the power to award *893 alternate-Saturday visitation with the child’s maternal grandmother, a nonpar-ent, where the conditions of the grandpa-rental-visitation statute then in effect (Ala. Code 1975, § 30-3-4 (now repealed)) were not satisfied.[2] Similarly, in this case, the child has been adjudicated not to be a dependent child, and the biological mother cannot claim the benefit of an express visitation statute. Thus, we conclude that the juvenile court erred in awarding visitation rights to the biological mother, and we reverse its judgment. The case is remanded for the trial court to enter an amended judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and CRAWLEY, THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., dissents.

. This case was originally assigned to Judge Murdock. An opinion, reversing the trial court’s judgment, was previously ready for release, but was held pending reconsideration by Judge Murdock.

. In the wake of the United States Supreme Court's decision in Troxel v. Granville, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000), this court has addressed the constitutionality of Ala.Code 1975, § 30-3-4.1, the successor statute to § 30-3-4, in R.S.C. v. J.B.C., 812 So.2d 361 (Ala.Civ.App.2001), and Ex parte State of Alabama, 826 So.2d 178 (Ala.Civ.App.2002).